UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES BLACKMAN, JR., <br><br>         Plaintiff, <br> v. <br><br> THE AARON'S COMPANY INC., AARON'S LLC, <br><br>         Defendants. | Case No. 2:23-cv-01248-APG-MDC <br><br> **Order Granting Motion to Compel Arbitration** <br><br> [ECF No. 9] |

Charles Blackman, Jr. was a delivery driver for defendant Aaron's.  He now sues Aaron's, alleging violations of state and federal anti-discrimination laws.  Aaron's contends that Blackman signed an arbitration agreement when he joined the company, so it moves to compel arbitration of his claims. ECF No. 9.  That agreement provides that "all Claims between [Blackman] and [Aaron's] will be exclusively decided by arbitration governed by the Federal Arbitration Act before one neutral arbitrator and not by a Court or Jury." ECF No. 9-1 at 28.  Blackman does not dispute that his claims fall within the scope of the arbitration agreement.  He contends, instead, that he is not bound by the agreement because he does not recall receiving, reading, or signing it. ECF No. 14 at 6.

Aaron's has shown the existence of a valid arbitration agreement with Blackman's electronic signature on it. ECF No. 9-1 at 28-34.  Blackman's assertion that he does not recall reading or signing it is not enough to create a genuine issue of fact regarding the making of the arbitration agreement, especially in light of the evidence presented by Aaron's. *See Jaffey v. Del Taco Restaurants, Inc.*, No. 2:17-cv-2600-JCM-PAL, 2018 WL 3997261, at *2 (D. Nev. Aug. 21, 2018) (employee's failure to recall reading and signing "is insufficient to refute the existence

of a signed arbitration agreement"). *Cf. Knapke v. PeopleConnect, Inc*, 38 F.4th 824, 831 (9th Cir. 2022) (court applies summary judgment standard to determine whether the making of an arbitration agreement is at issue); *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 984 (2d Cir. 1996) (affirming no genuine issue for trial where defendants "totally failed to establish that there are genuine issues concerning their defenses of fraud and waiver"). Consequently, there is no genuine dispute that the parties entered into an arbitration agreement.

At the hearing on the motion to compel arbitration, Blackman's counsel raised for the first time that Blackman is exempt from the Federal Arbitration Act (FAA) because he is a transportation worker engaged in interstate commerce. *See* 9 U.S.C. § 1. I ordered supplemental briefing on that issue. Blackman now argues that he is exempt from the FAA as a "last-mile" driver of goods shipped from out-of-state for delivery in Nevada. ECF No. 38 at 2-5 (citing to *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904, 916 (9th Cir. 2020)). Aaron's responds that Blackman is not a last-mile driver because the merchandise he transported came to rest in Aaron's Nevada warehouse before he delivered them so the goods were no longer in the unbroken stream of commerce. ECF No. 41 at 5-6 (also citing to *Rittmann*). Based on the competing affidavits submitted by Blackman and Aaron's, a dispute exists whether the Aaron's merchandise came to rest in Nevada or were still in the stream of commerce before Blackman delivered them. See ECF Nos. 38 at 10-12; 41-1. But I do not need resolve that issue because even if the FAA does not apply, the arbitration agreement is enforceable under Nevada law.

Like the FAA and cases interpreting it, Nevada law strongly favors enforcement of arbitration provisions. *Tallman v. Eighth Jud. Dist. Ct.*, 359 P.3d 113, 118 (Nev. 2015) (en banc) (Nevada Revised Statutes § "38.219(1) expresses Nevada's fundamental policy favoring the enforceability of arbitration agreements."). "Nevada courts resolve all doubts concerning the

2

arbitrability of the subject matter of a dispute in favor of arbitration." *Int'l Ass'n of Firefighters, Loc. No. 1285 v. City of Las Vegas*, 929 P.2d 954, 957 (Nev. 1996) (quotation omitted). Importantly here, Nevada's arbitration act does not contain an exemption for interstate transportation workers like the FAA does.

Even if Blackman is exempt under the FAA, the arbitration agreement would still be enforceable under Nevada law. *See Adams v. Parts Distribution Xpress, Inc.*, No. 2:20-CV-00697-JMG, 2021 WL 1088231, at *5 (E.D. Pa. Mar. 22, 2021) ("[T]he arbitration agreement's 'unambiguous' selection of the FAA does not invalidate the entire agreement in the event that Adams is found to qualify for the transportation worker exemption. It only means that the FAA's enforcement mechanisms aren't available, not that the whole dispute can't be arbitrated by enforcing the contract through another vehicle (like state law).") (quotation omitted); *Atwood v. Rent-A-Ctr. E., Inc.*, No. 15-CV-1023-MJR-SCW, 2016 WL 2766656, at *3 (S.D. Ill. May 13, 2016) ("[T]he fact that the Federal Arbitration Act doesn't apply only means that its enforcement mechanisms aren't available, not that the whole dispute can't be arbitrated by enforcing the contract through another vehicle (like state law)."); *Siperavage v. Uber Techs., Inc.*, No. CV 20-12265, 2021 WL 2680060, at *3 (D.N.J. June 30, 2021) (compiling cases where courts "have compelled arbitration under state law without first deciding whether the FAA applies to the parties' agreements and merely assuming that the FAA's transportation work exemption is applicable").

The parties' arbitration agreement contains a severability clause: "If any portion or provision of this Agreement is held to be void or unenforceable, the remainder of this Agreement will be enforceable and any part may be severed from the remainder, as appropriate." ECF No. 9-1 at 31. So I can sever the agreement's reference to the FAA and compel arbitration under

Nevada law. *See Adams*, 2021 WL 1088231, at *5 ("The arbitration agreement's severability clause corroborates this conclusion" that if the FAA does not apply, references to it can be severed and the agreement enforced under state law.). !That result is in line with the federal and Nevada policies favoring arbitration. *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 596 (3d Cir. 2004) ("[E]nforcement of the arbitration agreement between Palcko and Airborne under Washington state law, as if the FAA 'had never been enacted,' does not contradict any of the language of the FAA, but in contrast furthers the general policy goals of the FAA favoring arbitration."). I therefore grant Aaron's motion to compel arbitration.

Aaron's also asks me to dismiss this case because all of Blackman's claims will be resolved by the arbitration. ECF No. 9 at 10-11. Typically, I would grant that request. However, currently the Supreme Court of the United States is considering whether dismissal, rather than a stay, is authorized under the FAA. *See Smith v. Spizzirri*, No. 22-1218. Out of an abundance of caution, I will stay this case and administratively close it pending the outcome of the parties' arbitration.

I THEREFORE ORDER that the defendants' motion to compel arbitration **(ECF No. 9) is granted**. The parties are ordered to submit this dispute to arbitration as set forth in their arbitration agreement.

I FURTHER ORDER that this case is stayed until completion of the parties' arbitration. The parties will file a status report within 30 days of issuance of the arbitrator's decision.

I FURTHER ORDER the clerk of the court to administratively close this case.

DATED THIS 14th day of February, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE